IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Billy Joe Roberts, ) | |
| ) | Civil Action No. 6:12-2724-JMC-KFM |
| Plaintiff, ) | |
| ) | **ORDER AND** |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Lt. Jawarski Shelton, ) | |
| Sgt. Matthew A. Veal, and ) | |
| Lt. Tyrone Goggins, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, proceeding *pro se*, brought this action seeking damages pursuant to Title 42, United States Code, Section 1983, claiming he was falsely arrested on drug charges by the defendant law enforcement officers in Laurens County, South Carolina. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review pretrial matters in cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the district court.

On December 21, 2012, defendant Lt. Goggins filed a motion for summary judgment (doc. 27), and on January 10, 2013, defendants Lt. Shelton and Sgt. Veal filed a motion for summary judgment (doc. 40). By orders of this court filed December 27, 2012, and January 11, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. The plaintiff timely responded in opposition to both summary judgment motions, and on February 5 and March 26, 2013, he filed motions requesting a hearing (docs. 44, 51).

At the time the plaintiff filed his complaint, he was a pretrial detainee in the R. Eugene Johnson Detention Center in Laurens County. According to online conviction

records of Laurens County, Eighth Judicial Circuit[1], the plaintiff pled guilty on April 11, 2013, to drug charges and was effectively sentenced to time-served and released from the detention center. By order dated May 16, 2013, this court directed the plaintiff to advise the court in writing, no later than May 24, 2013, of the status of his pending drug charges, the arrest for which is the subject of this action. This court also directed the plaintiff to advise the court whether he intended to proceed with the prosecution of this case (doc. 55). The order was mailed to the detention center, the only address provided by the plaintiff. On May 28, 2013, the mail was returned as undeliverable, stamped by the detention center as "unable to forward" (doc. 58). The plaintiff has made no contact with the court since his guilty plea in state court.

The record reveals that the plaintiff was advised by court order dated September 26, 2012, of his responsibility to notify the court in writing if his address changed (doc. 8).

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

---

[1] *See* http://publicindex.sccourts.org/Laurens/PublicIndex/PISearch.aspx, Billy Joe Roberts, Case Number M915990.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. It is solely through the plaintiff's neglect that he has failed to keep the court advised of his address. Meanwhile, the defendants are left to wonder when the action will be resolved. No other reasonable sanctions are available. Accordingly, the plaintiff's motions for a hearing (docs. 44, 51) are denied, and it is recommended that this action be dismissed for lack of prosecution and failure to comply with the court's order pursuant to Federal Rule of Civil Procedure 41(b).

May 29, 2013                                           s/Kevin F. McDonald
Greenville, South Carolina                       United States Magistrate Judge